### In re NECHAMKUS et al.

(District Court, E. D. New York. August 13, 1907.)

BANKRUPTCY—VOIDABLE PREFERENCE—SUIT TO RECOVER.

In a proceeding by a trustee in bankruptcy to recover a horse which had been delivered by the bankrupt to a creditor as payment or security under circumstances which rendered it a voidable preference, the fact that the creditor had expended money for keeping of the horse and for medical treatment is no defense; any claim to recover such money being one which must be presented for allowance against the estate.

In Bankruptcy.

Henry W. Sykes, for trustee.

Bachrach & Berg, for Williamsburg Plumbing Supply Co.

CHATFIELD, District Judge. This is an application to compel the Williamsburg Plumbing Supply Company to turn over to the trustee herein a horse of which the value is stated to be $175. It appears from the affidavits that one Morris Grossman is in business with Louis Fischman, at Nos. 1 and 3 Moore street, in the borough of Brooklyn, under the name of the Williamsburg Plumbing Supply Company. Grossman, in his replying affidavits, states that the bankrupts at the time of their bankruptcy owed his firm about $1,400; that some three or four months before the bankruptcy one of the bankrupts persuaded Grossman to cash a check for $200, which was returned unpaid; and that later this bankrupt gave to Grossman the horse in question, as he had no cash. Grossman states that he has expended for stable hire, medical attendance, etc., the sum of $104, as the horse was sick for about four months, and that he has only used the horse for about two months. The trustee's affidavit, and also the affidavit of the receiver, state that demand was made of Grossman for the horse, and that Grossman agreed to pay the appraised value thereof, viz., $135, but that he refused to carry out his agreement.

Under the admitted facts, the delivery of this horse was a voidable preference, tending to hinder, delay, or defraud creditors, and the trustee is entitled to the possession of the horse. The referee's records show that Grossman has filed no claim against the estate in bankruptcy, and his time to do so has not yet expired. When Grossman took the horse, either as payment of the debt or as security, he must have contemplated the risk of loss of use of the horse, either from illness or from any other source, and there is nothing in the papers to show whether the value of the services of the horse for the period during which Grossman has had him is more than the sum which Grossman has expended for his keep and care. If he has any claim for what he has expended, over the value of the use of the horse to him, he may present such a claim to the trustee and the court, and it can be considered in the proper way, as an expense of the receiver; but the horse must be delivered to the trustee, and should be sold with the other property, or under such terms as will be most advantageous to the estate.

The bankrupt claims title to the horse in question, but he has consented to the determination of this claim upon this motion, and has not raised any question of jurisdiction, so that it is unnecessary for the trustee to bring a separate action.

The motion will be granted.